UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY A. QUINN, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>VIATRIS INC., et al.,<br><br>                      Defendants. | Civ. Action No. 2:25-cv-00466-CBB<br><br>CLASS ACTION<br><br>STEAMFITTERS LOCAL 449 AND MS. HSUEH'S RESPONSE IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION |

**I.     INTRODUCTION**

Two motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Steamfitters Local 449 Retirement Security Fund and Susie Hsueh; and (2) Ruth Pruitt.  *See* ECF 17, 20.

Based on information contained in the movants' motions, Steamfitters Local 449 and Ms. Hsueh are the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, Steamfitters Local 449 and Ms. Hsueh's loss of over $27,000 is nearly 40% more than the loss claimed by the only other lead plaintiff movant, and Steamfitters Local 449 and Ms. Hsueh otherwise meet the Rule 23 typicality and adequacy requirements.  Moreover, there will be no "proof" that Steamfitters Local 449 and Ms. Hsueh are inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Further, recognizing her smaller loss, on June 16, 2025, Ms. Pruitt filed a motion to withdraw her lead plaintiff motion, leaving Steamfitters Local 449 and Ms. Hsueh's motion effectively unopposed.  *See* ECF 25.  Accordingly, Steamfitters Local 449 and Ms. Hsueh's motion should be granted.

**II.     ARGUMENT**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise satisfies the requirements of Rule 23."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005).  With regard to determining the plaintiff with the "largest financial interest" the Third Circuit has held that district courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs."  *Cendant*, 264 F.3d at 262.  Here,

- 2 -

there is no dispute that Steamfitters Local 449 and Ms. Hsueh possess the "largest financial interest" in this litigation:

| Movant | Approximate Loss | Shares Purchased | Net Funds Expended |
|---|---|---|---|
| **Steamfitters Local 449 and Ms. Hsueh** | **$27,361** | **8,128** | **$97,280** |
| Ruth Pruitt (filed motion to withdraw) | $18,688 | 5,000 | $61,700 |

*Compare* ECF 22-3 *with* ECF 19-2 (loss charts).

Because Steamfitters Local 449 and Ms. Hsueh possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cendant*, 264 F.3d at 263. There is no question that Steamfitters Local 449 and Ms. Hsueh are typical and adequate of the putative class here. *See* ECF 21 at 3-5.

Indeed, Steamfitters Local 449 and Ms. Hsueh seek to represent the same putative class and allege the same claims as the initial plaintiff. Steamfitters Local 449 and Ms. Hsueh demonstrated that they purchased Viatris Inc. securities during the Class Period, as did the other class members, which subsequently lost significant value as a result of defendants' alleged wrongdoing. Steamfitters Local 449 and Ms. Hsueh are not subject to any unique defenses that defendants might assert against them that other class members would not also be subject to. Moreover, with an institutional investor among their ranks, Steamfitters Local 449 and Ms. Hsueh are the paradigmatic candidates Congress contemplated when it enacted the PSLRA. *See Cendant*, 264 F.3d at 264 ("Both the Conference Committee Report and the Senate Report state that the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

The presumptive lead plaintiff, in this case Steamfitters Local 449 and Ms. Hsueh, must be appointed unless it is proven that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted). Here, there is no dispute that Steamfitters Local 449 and Ms. Hsueh meet the adequacy and typicality requirements. Steamfitters Local 449 and Ms. Hsueh have also selected counsel that are highly experienced in securities litigation. *See* ECF 21 at 5-7. Consequently, the "most adequate plaintiff" presumption that lies in Steamfitters Local 449 and Ms. Hsueh's favor cannot be rebutted.

As such, because the competing movant cannot trigger the most adequate plaintiff presumption, Ms. Pruitt's motion should be denied.

## III. CONCLUSION

The competing lead plaintiff movant has a substantially smaller financial interest than Steamfitters Local 449 and Ms. Hsueh and cannot rebut the presumption in favor of appointing Steamfitters Local 449 and Ms. Hsueh as lead plaintiff in this case. As such, Ms. Pruitt's motion should be denied. By contrast, Steamfitters Local 449 and Ms. Hsueh not only suffered the greatest loss, they also satisfy the Rule 23 requirements. Accordingly, Steamfitters Local 449 and Ms. Hsueh's motion should be granted.

DATED: June 17, 2025                     Respectfully submitted,

                                              LAW OFFICE OF ALFRED G.
                                                 YATES, JR., P.C.

                                               /s/Alfred G. Yates, Jr.
                                             Alfred G. Yates, Jr. (PA 17419)
                                             Gerald L. Rutledge (PA 62027)

4905-6675-1822

1575 McFarland Road, Suite 305
Pittsburgh, PA 15216
Telephone: 412/391-5164
412/471-1033 (fax)
yateslaw@aol.com

Local Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

POMERANTZ LLP
JEREMY A. LIEBERMAN
J. ALEXANDER HOOD II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212/661-1100
917/463-1044 (fax)
jalieberman@pomlaw.com
ahood@pomlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 4 -